STATE OF WEST VIRGINIA

*In re* **I.D. and K.D.**

**No. 19-0138** (Wood County 17-JA-252 and 17-JA-253)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner Custodian D.F., by counsel Ernest M. Douglass, appeals the Circuit Court of Wood County's January 7, 2019, order terminating his custodial rights to I.D. and K.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Debra L. Steed, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR filed a child abuse and neglect petition alleging that petitioner kicked his girlfriend's child, I.D., leaving the child with "bruising on her forehead in the mark of a shoe tread, her left neck, and on her buttocks."[2] I.D. stated that she was in trouble for hitting another child at school and that her mother made her sit on a white door in her home as a form of punishment. I.D. stated that she was crying and left the door at which point petitioner kicked her. During the DHHR's initial investigation, petitioner and the mother both denied knowing that I.D. was bruised, but corroborated that the child was punished by sitting on the door. The DHHR located a marijuana pipe in petitioner's home. The mother asserted that she did not use marijuana, but admitted that petitioner used it while she worked and he watched the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]According to the record, petitioner was also charged with felony child abuse and neglect as a result of this action.

1

The DHHR also alleged that the home was unsanitary and infested with bed bugs. The DHHR initiated a temporary protection plan that required petitioner have no contact with the mother or the children. Yet, after the initiation of the protection plan, petitioner continued to live with the mother and the children. Petitioner waived his preliminary hearing.

In November of 2017, petitioner stipulated that he kicked I.D. "in the forehead leaving a shoe print and causing physical injury" and also that he used marijuana while caring for the children. The circuit court adjudicated petitioner as an abusing parent and granted him a six-month post-adjudicatory improvement period. During the improvement period, the DHHR required petitioner to participate in parenting and adult life skills classes, a substance abuse evaluation, random drug screening, a psychological examination, and a domestic violence course.

Petitioner's psychological examination was completed and provided to the parties in July of 2018. During the examination, petitioner provided a different explanation for I.D.'s bruising, in that he was playing with I.D. and chasing her around the house. Petitioner stated that I.D. tripped, fell, and then he accidentally kicked her in the head. Petitioner detailed a history of domestic abuse in two different relationships. Further, petitioner admitted to a history of substance abuse, including marijuana, cocaine, methamphetamine, psilocybin, and daily alcohol use. During the evaluation, petitioner stated he had not drank alcohol in the prior two months. The evaluator also noted that petitioner was previously providing care for the children in lieu of employment, but failed to seek employment following the removal of the children. Additionally, the evaluator found that petitioner failed to take responsibility for his past actions, rather providing an excuse for each instance. The evaluator recommended that petitioner have no contact with the children based on their fear of petitioner, his criminal and drug histories, and his lack of a meaningful relationship with them.

The circuit court held dispositional hearings in October of 2018 and January of 2019. The DHHR presented testimony that petitioner failed to make progress during his adult life skills and parenting classes. Petitioner's parenting provider testified that the home was infested with roaches and that she noted no noticeable change during the improvement period. Further, this provider expressed concerns that petitioner's anger would endanger the children. I.D.'s therapist testified that the child indicated on multiple occasions that D.F. was "mean" and that "he just likes to do mean stuff to us." However, the therapist noted that I.D. suddenly changed her opinion in August of 2018, and stated that petitioner was no longer mean.[3] When the therapist asked how I.D. knew this, the child stated that her mother told her that petitioner was no longer mean and no longer drinks beer. Petitioner's psychological examiner testified consistent with the contents of the evaluation. The results of fifty-five of petitioner's drug screens were admitted into evidence, which showed that petitioner was negative for controlled substances and alcohol since May of 2018. Petitioner presented no evidence.

---

[3]Although petitioner moved for visitation with the children during the proceedings, the circuit court denied the motion due to I.D.'s fear of petitioner. In fact, the DHHR took special precautions to avoid contact between petitioner and the children, including ensuring that he left the visitation location after transporting the mother for the scheduled visits.

Ultimately, the circuit court found that the children were afraid of petitioner and that he did not make enough efforts to ensure the safety of the children. Further, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's custodial rights to the children was necessary for their welfare and in their best interests. Accordingly, the circuit court terminated petitioner's custodial rights to the children by its January 7, 2019, order. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his custodial rights to the children. Petitioner asserts that there was substantial evidence that he remedied his substance and alcohol abuse, the DHHR failed to prove that he could not correct his physical abuse of the children, and that the circuit court's dispositional order failed to conform to Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings in making sufficient findings of fact to support termination. However, we find that petitioner is entitled to no relief.

West Virginia Code § 49-4-604(c)(5) provides that situations in which there is "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" include one in which the abusing parent has "seriously injured the child physically or emotionally . . . and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems." This Court has held

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth

---

[4]The mother and father's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption by a relative.

of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

During the proceedings, petitioner admitted that he physically abused I.D. Additionally, I.D. consistently expressed to her therapist that petitioner was "mean" and that "he just likes to do mean stuff to us." However, even after his stipulation to the petition, petitioner continued to assert that he did not intentionally cause the injury to I.D. On appeal, petitioner argues that his stipulation to kicking I.D. "in the forehead leaving a shoe print and causing physical injury" did not suggest he kicked the child "with malice" and that no finding was made that he acted intentionally or maliciously. However, petitioner is precluded from raising this issue because of his stipulation to adjudication and failure to raise the issue below. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999).") Further, petitioner cites to no authority that malice is required to establish physical abuse of a child. I.D.'s statements clearly established that petitioner kicked her in the head intentionally and her subsequent fear of petitioner also suggests that the injury was nonaccidental. Further, petitioner did not provide this unintentional version of the offense when initially questioned about the injuries. Instead, both petitioner and the mother denied knowing that the child was bruised. Accordingly, the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future was supported by petitioner's failure to acknowledge his responsibility for I.D.'s physical abuse.

Moreover, petitioner argues that the circuit court erred in finding that the children were afraid of petitioner. Petitioner asserts that the finding is "irrelevant to the question of whether the conditions of abuse or neglect have been substantially corrected."[5] However, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. *The controlling standard that governs any dispositional decision remains the best interests of the child.*" Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014) (emphasis added.) The circuit court was correct to consider the children's reaction to petitioner because he would be their primary care taker if they were returned to the mother's custody. It would not be in the children's best interest to subject them to the care of an individual that they feared. Further, petitioner argues that I.D.'s opinion of him changed in August of 2018 and that the child no longer considered him to be mean.

---

[5]As a subsection of this argument, petitioner also argues that the children, ages seven and five, were too young for the circuit court to consider their wishes regarding the termination of parental rights. *See* West Virginia Code § 49-4-604(b)(6)(C)("[T]he [circuit] court shall give consideration to the wishes of a child fourteen years or older . . . ."). However, I.D.'s statements were not in regard to the termination of rights, but simply as to how she felt about petitioner following the physical abuse. This evidence is relevant to determine what degree of stress would be placed on the children if reunified with petitioner. Ironically, petitioner also emphasizes the children's "expressed desire to go home" without referencing the above mentioned code section.

Yet, testimony established that the mother clearly provided this information to the child during a visit as petitioner had no contact with the children during the proceedings. The child's therapist was also surprised by the sudden change of opinion and emphasized that children typically "hang onto what their parents tell them, especially if it . . . falls in line with what they want to hear." Considering the manner in which I.D. formed her changed opinion of petitioner, the circuit court afforded it the appropriate evidentiary weight and properly considered the children's feelings toward petitioner in its dispositional order. Given that the circuit court's findings as to petitioner's inability to correct the conditions of abuse and that the children's welfare required termination of his custodial rights, we find no error in the ultimate disposition. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate custodial rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination was necessary for the children's welfare. Accordingly, petitioner is entitled to no relief.

Finally, we find no error in the circuit court's dispositional order. Rule 36(a) of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings provides "[a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604." We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). While the circuit court's dispositional order does not include detailed findings of fact, the record supports the termination of petitioner's custodial rights. Petitioner failed to acknowledge his responsibility in the physical abuse of I.D. and failed to complete services required during his improvement period. Further, I.D. was afraid of petitioner and submitting her to his care would cause undue stress on the child. Accordingly, we do not find that the rules were substantially disregarded or frustrated or that vacation of the circuit court's dispositional order is appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 7, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

5

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison